**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| Diedra Fugate<br>29505 21st Ave S, Apt A3<br>Federal Way, WA 98003<br><br>      Plaintiff,<br><br>v.<br><br>Vandenberg, Chase and Associates, LLC<br>c/o Incorp Services, Inc, Registered Agent<br>300 Deschutes Way SW, #304<br>Tumwater, WA 98501<br><br>      Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT AND**<br>**OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 22, 2009, Plaintiff retained an attorney to file for bankruptcy.

8. On or around December 9, 2009, Defendant telephoned Plaintiff and left a voice message.

9.  During this communication, Defendant falsely represented that there was a lawsuit filed against Plaintiff.

10. During this communication, Defendant falsely represented that Defendant was pursuing potential fraud charges against Plaintiff.

11. During this communication, Defendant threatened to recommend immediate legal action against Plaintiff unless Plaintiff returned Defendant's call that day.

12. On or around December 9, 2009, Plaintiff telephoned Defendant in response to the above-referenced voice message.

13. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and attempted to provide Plaintiff's attorney's contact information.

14. During this communication, Defendant falsely represented that bankruptcy would not resolve Plaintiff's liability to pay the debt.

15. During this communication, Defendant threatened to pursue Plaintiff for fraud if the debt was not paid.

16. On or around December 10, 2009, Defendant telephoned Plaintiff and left a voice message.

17. During this communication, Defendant falsely represented that there was a lawsuit filed against Plaintiff.

18. During this communication, Defendant threatened to contact Plaintiff's employer.

19. During this communication, Defendant called Plaintiff a liar.

20. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff.

21. At the time of these communications, Defendant had neither the intent nor ability to file fraud charges against Plaintiff.

22. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect the debt.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: */s/ Mona Lisa Gacutan*
Mona Lisa C. Gacutan
600 Stewart St, Ste 720
Seattle, WA  98101
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  mog@legalhelpers.com
*Attorney for Plaintiff*